1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| MARILYN BARRIGA, individually,<br><br>            Plaintiff,<br>      v.<br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and DOES ONE THROUGH FIFTY,<br><br>            Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMANDED |
|---|---|

13      COMES NOW the Plaintiff and pursuant to common law and Washington statutes, claims

14 as follows:

15                                          **I.  PARTIES**

16      1.1      The Plaintiff is Marilyn Barriga, a resident of King County, Washington. She was

17 a passenger on a train operated by Defendant NATIONAL RAILROAD PASSENGER

18 CORPORATION d/b/a AMTRAK (hereafter "AMTRAK") when that train derailed, causing

19 injuries to Ms. Barriga.

20      1.2      Defendant AMTRAK is a corporation organized and existing under the laws of the

21 United States of America with a principal place of business in Washington, D.C. Defendant

AMTRAK has an office in King County, Washington, and transacts business through that office.

COMPLAINT FOR DAMAGES – 1

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128

1.3     There may be unknown entities or "John Does" who may be at fault and when their

identification becomes known, these pleadings may be amended accordingly.

## II. JURISDICTION AND VENUE

2.1     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331,

28 U.S.C. § 1332(a), and 28 U.S.C. § 1349.

2.2     This Court has pendent and supplemental subject matter jurisdiction over the state

law claims pursuant to 28 U.S.C. § 1367.

2.3     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to Plaintiff's complaint occurred in this District.

## III.     FACTS

3.1     On December 18, 2017, AMTRAK, through its employees and/or agents, operated,

managed, maintained, supervised, owned, designed, constructed, and/or controlled AMTRAK

Train No. 501, that originated in Seattle, Washington and was destined for Portland, Oregon.

3.2     On and before that date, AMTRAK was a corporation doing business as a common

carrier engaged in the transportation of passengers between various destinations in the State of

Washington, as well as other destinations throughout the United States and Canada.

3.3     Ms. Barriga purchased tickets, and on December 18, 2017, boarded AMTRAK

Train No. 501 at the Amtrak Station in Tacoma, Washington. Ms. Barriga was induced to purchase

tickets in part because she believed that AMTRAK employed all applicable safety precautions in

the operation of its trains.

3.4     On December 18, 2017, AMTRAK Train No. 501 traveled southbound on a section

of railroad track near Dupont, Washington. This railroad track was operated, managed, maintained,

COMPLAINT FOR DAMAGES – 2

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128

1   supervised, owned, designed, constructed and/or controlled by Defendant AMTRAK, or it was

2   contracted to perform such control over the track. AMTRAK Train No. 501 was, upon information

3   and belief, owned by Defendant AMTRAK and operated by employees and/or agents of Defendant

4   AMTRAK.

5          3.5     A sharp curve existed on this segment of railroad track immediately west of where

6   the railroad track crossed over Interstate-5 by bridge. The authorized track speed for this segment

7   of track was 30 mph. Posted signs warned southbound trains of the approaching curve and the

8   applicable speed limit for the curve.

9          3.6     On December 18, 2017 at approximately 7:33 a.m., AMTRAK Train No. 501

10  approached the curve and bridge crossing I-5 at a speed much greater than the posted speed limit

11  for this segment of the track, and at an unsafe and unauthorized speed. Due to the high rate of

12  speed, AMTRAK Train No. 501 derailed from the track once it encountered the curve and bridge.

13         3.7     The derailment of AMTRAK Train No. 501 caused serious injuries to Ms. Barriga.

14         3.8     In 2008, Congress enacted the Rail Safety Improvement Act of 2008 (RSIA), which

15  requires passenger railroads to install a Positive Train Control ("PTC") system no later than the

16  end of 2015. The PTC systems mandated by Congress were designed specifically to increase safety

17  and prevent derailments caused by excessive speeds, among other purposes. PTC provides real-

18  time information to train crew members about, among other things, the areas at which a train must

19  be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

20  PTC also warns the train crew of the train's safe braking distance in curved or reduced-speed

21  locations, and displays the same on screens inside the locomotive's cab. If the engineer does not

respond to the ample warnings and on-screen displays, the positive train control system will

COMPLAINT FOR DAMAGES – 3

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128

1   automatically activate the brakes and safely slow or stop the train. At all times relevant hereto,

2   PTC systems were affordable, available, feasible, and intended to improve safety.

3       3.9    Upon information and belief, Defendant AMTRAK installed a PTC on AMTRAK

4   Train No. 501, but knowingly and intentionally failed to make the system operable.

5       3.10   In response to an AMTRAK derailment outside of Philadelphia in 2015, Congress

6   passed the Fixing America's Surface Transportation Act ("FAST Act"). In certain situations, the

7   FAST Act required railroad carriers to "identify each main track location where there is a reduction

8   of more than 20 miles per hour from the approach speed to a curve, bridge, or tunnel." Railroad

9   carriers were required to develop speed limit action plans including "increased crew

10  communication" to prevent overspeed derailments at the identified track locations. Importantly,

11  the carrier, in this case AMTRAK, was responsible for meeting the requirements of the FAST Act

12  and not the host railroad, Sound Transit.

13      3.11   Upon information and belief, Defendant AMTRAK failed to install or properly

14  utilize adequate safety control systems, speed limit action plans, or other precautions for the

15  segment of railroad track where the derailment occurred. Upon information and belief, Defendant

16  AMTRAK failed to properly train, supervise, or control its employees and/or agents as to the

17  operation of the train and/or as to particular hazards along the railroad track, including the speed

18  limit on the curve, and failed to properly, train, supervise, or control its employees and/or agents

19  in the implementation of increased crew communication to prevent overspeed derailments.

20      3.12   Following an AMTRAK collision with a backhoe on the tracks near Chester,

21  Pennsylvania in 2016, a NTSB investigation concluded that AMTRAK's management created a

    culture that enabled unsafe work practices by employees, and recommended that AMTRAK

COMPLAINT FOR DAMAGES – 4

develop a comprehensive safety management system compliant with federal regulations and fully implement, fund, and promote it at all levels and locations of the company.

3.13    Upon information and belief, despite the NTSB recommendation, AMTRAK failed to develop and fully implement a comprehensive safety management system applicable to Train No. 501 and/or for the segment of railroad track where the derailment occurred.

3.14    After a 2017 AMTRAK derailment near Steilacoom, Washington caused by travelling too fast, the Washington State Department of Transportation ("WSDOT") issued a requested that AMTRAK provide a "Corrective Action Plan" "detailing protocols, procedures, and actions taken by Amtrak to prevent future occurrences of this nature."

3.15    Upon information and belief, AMTRAK failed to create a Corrective Action Plan per WSDOT's request, and/or failed to fully implement the protocols, procedures, and actions outlined in any such plan.

3.16    Defendant AMTRAK utilized a Talgo Series VI trainset rolling assembly for Train No. 501. This trainset did not provide adequate occupant protection in the event of the separation of its articulated connections or in the event of derailment. This trainset was not in compliance with then-current U.S. safety standards, and was not compliant with the terms and conditions of the Federal Railroad Administration's grandfathering agreement allowing their continued operation.

3.17    Upon information and belief, the inadequate safety standards of the Talgo Series VI trainset caused greater injury to the passengers on Train No. 501.

3.18    Defendant AMTRAK was aware from its extensive experience owning and operating trains and managing railways across the country of the need to have adequate train

COMPLAINT FOR DAMAGES – 5

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128

1   control systems, to use safe equipment, and to provide adequate training to its employees and

2   agents in order to prevent derailments.

3       3.19    Defendant AMTRAK's failure to have a functioning PTC system, lack of an safety

4   management system, or other adequate safety precautions or plans, its use of unsafe equipment,

5   and/or its inadequate training of its employees and/or agents were each and all proximate causes

6   of the derailment that caused Ms. Barriga's injuries.

7       3.20    As a result of the derailment, Ms. Barriga has suffered physical and emotional

8   injuries, including but not limited to disability and/or physical impairment; loss of enjoyment of

9   life; anxiety; distress and emotional trauma; economic losses; and other injuries and noneconomic

10  damages that are ongoing.

11      3.21    Ms. Barriga intends to ride AMTRAK trains in the future, and has a reasonable fear

12  that such a ride will result in personal injuries due to AMTRAK's failure to abide by safety

13  protocols and a systemic problem with its safety culture.

### IV.    CAUSES OF ACTION

#### A.    First Cause of Action: Negligence

16      4.1     Plaintiff realleges and incorporates by reference the paragraphs set forth above.

17      4.2     At all material times, AMTRAK, through its employees and/or agents, and DOES

18  1-50, owed Plaintiff a duty to exercise ordinary care in the performance of their respective duties

19  related to (1) their operation, management, maintenance, supervision, ownership, design,

20  construction, and/or control of the train track on which Train 501 operated on December 18, 2017;

21  (2) the design, manufacture, supply, inspection, maintenance, repair, and operation of the

COMPLAINT FOR DAMAGES – 6

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128

locomotives and cars on the train; and (3) training of its employees and/or agents for operation of the train on the track.

4.3     Defendants AMTRAK and DOES 1-50 failed to exercise ordinary care because they did not take the care that a reasonable person would take under the circumstances in the performance of their respective duties related to the track, locomotives and cars, and training of the employees and/or agents operating the train.

4.4     AMTRAK was a common carrier and owed Plaintiff the highest duty of care. AMTRAK through its agents and/or employees, was at fault and violated the highest duty of care, including but not limited to one or more of the following ways:

    a.  Failed to slow down Train No. 501 at the above-referenced location, when it knew or should have known that the speed was too fast for the sharp curve;

    b.  Operated Train No. 501 in excess of the authorized, posted, safe and/or lawful speed limit;

    c.  Failed to install and render operable proper train-control, safety, and speed systems, including PTC;

    d.  Operated the train without keeping a safe and proper lookout;

    e.  Failed to comply with Amtrak's own operational and safety plans, protocols, rules, standards, and procedures;

    f.  Failed to comply with the applicable federal standards of care, including but not limited to the failure to comply with applicable federal statutes or regulations, and the implementation of recommended safety improvements;

    g.  Failed to properly train its agents and/or employees in the safe operations of the train;

    h.  Failed to properly train its agents and/or employees regarding the track at issue;

    i.  Failed to properly supervise its agents and/or employees in the proper operation of the Train;

COMPLAINT FOR DAMAGES – 7

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128

j.  Failed to exercise ordinary and reasonable care in the design, construction, inspection, approval, maintenance, repair, and operation of the track where Train No. 501 derailed; and

k.  Failed to design, manufacture, inspect, maintain, and/or repair the locomotives and cars on Train No. 501 and all components and parts thereto safely.

4.5    As a direct and legal cause of Defendants' negligence, Train No. 501 derailed and caused  Plaintiff's injuries and damages.

**B.    Second Cause of Action: Violation of the Consumer Protection Act**

4.6    Plaintiff realleges and incorporates by reference the paragraphs set forth above.

4.7    Defendant AMTRAK failed to provide material information to Plaintiff, thus acting unfairly or deceptively in trade or commerce in violation of the Washington Consumer Protection Act, RCW 19.86 et seq. ("CPA"), including, but not limited to, the failure to inform her that:

a.  The engineer had insufficient training and experience to safely operate Train No. 501 on the Seattle to Portland Route and/or the segment of track where the train derailed on December 18, 2017;

b.  AMTRAK operated the train with an assistant conductor who was neither certified nor qualified;

c.  AMTRAK operated the train without enabling and/or providing a fully operational PTC or other safety devices;

d.  AMTRAK operated Train No. 501 without developing and properly implementing, funding, and promoting a Corrective Action Plan requested by WSDOT;

e.  AMTRAK operated Train No. 501 without developing and properly implementing, funding, and promoting a safety management system program recommended by the NTSB.

4.8    AMTRAK has engaged in a pattern of unfair, deceptive, and unlawful conduct that has the capacity to deceive a substantial portion of the public in violation of the CPA. Plaintiff is

COMPLAINT FOR DAMAGES – 8

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128

entitled to treble damages, reasonable attorney fees, costs of suit, and such other relief as may be permitted by statute.

4.9    AMTRAK's CPA violations have directly and proximately caused injury, damages, and losses, including loss of business or property, to Plaintiff.

4.10    loss of business or property, to Plaintiff.

## V.    JURY DEMAND

5.1    Plaintiff hereby demands a jury trial on the causes of action set forth herein.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, having asserted claims for relief, now prays for the following relief:

6.1    For judgment in favor of Plaintiff and against Defendants for all economic and non-economic damages, both past and future, along with all available compensatory, pecuniary, punitive, and exemplary damages, in amounts to be proven at trial;

6.2    For judgment declaring Defendant AMTRAK to be in violation of the CPA, and for all fees and costs, including attorney's fees, treble damages, prejudgment interest, and all other damages recoverable under that Act;

6.3    For injunctive relief to protect the public;

6.4    Punitive and/or exemplary damages under choice of law principles due to AMTRAK's willful disregard of the rights of Plaintiff and the public, and outrageous and reckless conduct toward the safety of Plaintiff and the public;

6.5    For such other and further relief as the Court deems just and equitable in the premises.

COMPLAINT FOR DAMAGES – 9

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128

1    Plaintiff's investigation is ongoing. Further investigation may reveal the identity of

2  DOES 1-50, additional acts of negligence, or additional claims against Defendants. Plaintiff

3  reserves the right to amend the complaint and to seek other damages as appropriate.

4    DATED this 22nd day of October, 2020.

5    SMITH MCBROOM, PLLC

6    By:    */s/ Gregory McBroom*
        Gregory McBroom, WSBA #33133
7        greg@smithmcbroom.com

8        */s/ Matthew J. Smith*
9        Matthew J. Smith, WSBA #33309
        matt@smithmcbroom.com

10       Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

SMITH MCBROOM, PLLC
16400 Southcenter Pkwy., Ste. 210
Seattle, WA 98188
Phone:  206.778.5128